Osborne, J.
Plaintiff brought this action to recover the amount paid by him for the funeral expenses of one John McNamee, a brother of the parties hereto; the said John McNamee died on Sunday, September 23, 1877, and it was alleged that defendant on that day promised and agreed with plaintiff that if he would employ an undertaker and pay John McNamee’s funeral expenses, he, defendant, would repay same to plaintiff. On the second trial of this action, the jury found a verdict for the plaintiff, and from *721 the judgment entered thereon and the order denying a motion for a new trial defendant appeals.
We shall briefly notice the grounds on which appellant seeks to have the judgment set aside.
It is contended that as the promise of defendant was made on a Sunday, it was void. This position is not tenable. The employment of an undertaker was clearly a work of necessity, and as such is excepted by the statute, (1 R. S., 676, § 70), and even if it did not come under that exception, the contract to repay would be good at common law. Boynton v. Page, 13 Wend., 425.
The learned counsel for the appellant further insists that the defendant’s promise to pay plaintiff was void under the statute of frauds, not being in writing. The answer to this proposition is that at the time of the promise, no debt had been incurred for which defendant promised to become re-responsible; none was incurred till plaintiff. employed the undertaker, and that he only agreed to do so on defendant’s promise to repay him. The procurement of the performance of the funeral rites to defendant’s deceased brother was ample consideration for defendant’s promise to repay plaintiff.
The exceptions to the exclusion of testimony on the trial are not well taken. Their admissibility was clearly within the discretion of the learned trial judge, and we are of the opinion that such discretion was wisely exercised.
Judgment and order denying new trial affirmed, with costs.
Clement, P. J., concurs.